UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANI ONG,

                                        Plaintiff,

        -v-

DELOITTE CONSULTING, LLP,

                                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/29/2022

No. 21-cv-2644 (MKV)

OPINION & ORDER
DENYING
MOTION TO DISMISS

MARY KAY VYSKOCIL, District Judge:

Plaintiff Yani Ong alleges claims against Defendant Deloitte Consulting LLP ("Deloitte")

for sex, pregnancy, and disability discrimination and retaliation in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Americans

with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the New York State Human Rights

Law and the New York City Human Rights Law [ECF No. 16 ("Amended Complaint" or "AC")].

Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss

Plaintiff's federal claims as untimely [ECF Nos. 18, 19, 20 ("Def. Mem.")].  Plaintiff opposes that

motion [ECF Nos. 24 ("Pl. Opp."), 25].

In order to be timely, claims under Title VII and the ADA must be filed in federal court

within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment

Opportunity Commission ("EEOC").  *See* 42 U.S.C. § 2000e–5(f)(1) (a Title VII action must be

brought within ninety days of notification of right to sue); *id*. § 12117(a) (adopting the Title VII

rule for the ADA); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir.

2011); *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010).  The Second

1

Circuit has established presumptions that, "in the absence of evidence to the contrary," the notice of right to sue is "mailed on the date shown on the notice" and it is "received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996); *accord Tiberio*, 664 F.3d. at 37. Thus, courts in this circuit dismiss claims at the pleading stage based on these presumptions unless "a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her." *Tiberio*, 664 F.3d. at 37; *see*, *e.g.*, Johnson, 368 F. App'x at 248 (plaintiff's "unsupported allegation that she received her EEOC right-to-sue letter" after presumptive date "was not sufficient"); *Ranaghan v. New York Ass'n of Psychiatric Rehab. Servs.*, 2021 WL 431165, at *2 (N.D.N.Y. Feb. 8, 2021) (plaintiff "offer[ed] nothing beyond mere speculation to . . . rebut the presumption"). The Second Circuit has further held that the 90-day clock "begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier." *Tiberio*, 664 F.3d. at 38.

Plaintiff's notice of right to sue is dated "12-9-2020" [ECF No. 1-1 at 2]. *See* AC ¶ 5; Def. Mem. at 2; Pl. Opp. at 2. She filed her claims in this Court on March 26, 2021 [ECF No. 1]. Plaintiff alleges that the "notice was emailed to Plaintiff via her attorney for the first time on December 29, 2020, with an incorrect date of December 9, 2020." AC ¶ 5. In support of this allegation, Plaintiff submits email correspondence between Plaintiff's counsel and an investigator at the EEOC, Vani Rajkumar [ECF Nos. 25-1, 25-2].

The correspondence reflects that, on December 9, 2020, Plaintiff's counsel emailed Ms. Rajkumar, stating: "I would like to request a complete copy of Ms. Ong's EEOC file. I am happy to receive the RTS [right to sue] by email" [ECF No. 25-1 at 3]. On December 14, 2020, Ms. Rajkumar replied, stating that the "Notice of Rights to Sue papers are currently being processed

and should be sent to you in the next week or two" [ECF No. 25-1 at 2].  On December 29, 2020,

Ms. Rajkumar sent Plaintiff's counsel another email: "Please see the attached letter and Notice of

Right to Sue papers" [ECF No. 25-1 at 2].

In later email correspondence with Plaintiff's counsel, Ms. Rajkumar confirmed: "I sent

the Notice of Right to Sue documents on December 29th" via email [ECF No. 25-2 at 3].  She

explained, "I had begun processing the documents on December 9th which is why I think that is

the date on the letter" [ECF No. 25-2 at 3].  In a separate email, Ms. Rajkumar confirmed: "I did

*not* send the Notice of Right to Sue documents to Ms. Ong.  I have not been in contact with Ms.

Ong, only with" Plaintiff's counsel [ECF No. 25-2 at 2].

Defendant argues the Court should dismiss Plaintiffs' federal claims as untimely based on

a presumption that the notice of right to sue was mailed on December 9, 2020 and received by

Plaintiff on December 12, 2020.  Def. Mem. at 7.  Plaintiff argues she has presented evidence that

she timely filed her claims after first receiving the notice of right to sue, through counsel, on

December 29, 2020.  *See* Pl. Opp. at 2–3.  Based on the record evidence, Plaintiff is clearly correct.

*See Sherlock*, 84 F.3d at 526.

Defendant argues that the Court should dismiss because Plaintiff has not provided "sworn

testimony" in an affidavit stating that she did not receive the notice of right to sue more than 90

days before she commenced this action.  Def. Mem. at 4, 8–9 (quoting *Tiberio*, 664 F.3d. at 37).

But Plaintiff has provided "other admissible evidence" to rebut any presumption that her claims

are untimely.  *Tiberio*, 664 F.3d. at 37.  She has presented evidence from which the Court can

reasonably infer that the EEOC sent the notice of right to sue for the first time on December 29,

2020 via email to Plaintiff's counsel and "did *not* send the Notice of Right to Sue" to Plaintiff

personally [ECF No. 25-2 at 3].

The cases Defendant cites are not to the contrary.  In *Johnson*, the Second Circuit stated, in a summary order, that a plaintiff's "unsupported allegation that she received her EEOC right-to-sue letter" after presumptive date "was not sufficient."  368 F. App'x at 248.  In *Ranaghan*, the court stated that plaintiff "offer[ed] nothing beyond mere speculation." 2021 WL 431165, at *2.  Here, Plaintiff offers evidence.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss the First Amended Complaint is DENIED.  The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 18.

**SO ORDERED.**

**Date:  September 29, 2022**
      **New York, NY**

                                        _____
                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**