```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANI ONG,

                Plaintiff,

- against -

DELOITTE CONSULTING LLP,

                Defendant.

Case No.: 1:21-cv-02644-MKV

Hon. Mary Kay Vyskocil

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

    WHEREAS, Plaintiff Yani Ong and Defendant Deloitte Consulting LLP (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, discovery in this case may also require the disclosure of protected health information ("PHI") that is regulated by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the regulations promulgated by the Secretary of the Department of Health and Human Services to enforce HIPAA, along with other federal regulations, including but not limited to 42 C.F.R. Part 2;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery

in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits;

2. For the purposes of this Order, "Document" shall mean any written, typed or printed matter of any kind, computer printouts, sound recordings, electronic data, photographs or any other media for preparing, duplicating or recording written or spoken words;

3. For the purposes of this Order, "Protected Health Information" or "PHI" shall have the definition as set forth in the HIPAA regulations which define PHI to include "individually identifiable health information," which is, in turn, defined by the HIPAA regulations as information that "relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provisions of health care to an individual; and that identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103. Individually identifiable health information includes patient names, addresses, and social security numbers;

4. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed proprietary or confidential financial or business information (including without limitation profitability reports or estimates, percentage fees, design

fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed proprietary or confidential business plans, product-development information, or marketing plans;

(c) any information of a personal, medical, or intimate nature regarding any individual;

(d) confidential mental health and/or confidential medical information and PHI and/or individually identifiable health information;

(e) non-public family, medical, mental health and/or employment records of non-parties; or

(f) any other category of information this Court subsequently affords confidential status.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a transcript is rendered, of the specific pages

and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of a transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers that counsel hire for this matter;

(d) any mediator that the Parties engage in this matter or that this Court appoints, provided such mediator has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and if the Confidential Discovery Materials to be disclosed are Plaintiff's medical records, then the Parties will confer regarding those medical records before

they are provided to the mediator, and if the Parties cannot agree regarding their disclosure, then they shall make a joint application to the Court setting forth the issue in dispute in accordance with the Court's Individual Rules of Practice;

        (e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        (f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and if the Confidential Discovery Materials to be disclosed are Plaintiff's medical records, then the Parties will confer regarding those medical records before they are provided to the witness, and if the Parties cannot agree regarding their disclosure, then they shall make a joint application to the Court setting forth the issue in dispute in accordance with the Court's Individual Rules of Practice;

        (g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such expert witness has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

        (i)    this Court, including any appellate court, its support personnel, and court reporters.

    10.    Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each

signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. Confidential Discovery Material will not be utilized in any filing or proceeding in open Court during the pretrial phase without the written agreement of the Producing Party, or the prior approval of the applicable court. Any Party that intends to file a pleading, motion, or submission to the Court which attaches, quotes from, or otherwise discloses or uses Confidential Discovery Material or information, will first meet and confer in good faith with the opposing Party's counsel to determine if the Parties can agree that such filings may be done publicly without additional protections for the Confidential Discovery material. To the extent the Parties cannot agree to publicly file any Confidential Discovery Material, then the filing Party shall apply to the Court for permission to file such pleading, motion, or submission redacted and/or under seal and will file such material in accordance with the Court's Individual Rules of Practice.

12. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an

unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Parties shall then meet and confer and, if the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Court's Individual Rules of Practice.

15. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the Party recipient a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Court's Individual Rules of Practice.

16. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon

receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, including all exhibits attached thereto, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

21. ~~This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

FIRM:58409929

**SO AGREED**:

| | |
|---|---|
| Dated: New York, New York<br>March **24**, 2023 | Dated: New York, New York<br>March 24, 2023 |
| GODDARD LAW PLLC | EPSTEIN BECKER & GREEN, P.C. |
| By: _____<br>Megan S. Goddard, Esq.<br>Siobhan Klassen, Esq.<br>39 Broadway, Ste. 1540<br>New York, New York 10006<br>Tel: (646) 504-8363<br>*Attorneys for Plaintiff* | By: _____<br>David W. Garland, Esq.<br>Elizabeth Houghton LaGreca, Esq.<br>875 Third Avenue<br>New York, New York 10022<br>Tel: (212) 351-4500<br>*Attorneys for Defendant* |

**SO ORDERED**:

Dated: _____April 4__, 2023

_____
Mary Kay Vyskocil, U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANI ONG,<br><br>         Plaintiff,<br><br>    - against -<br><br>DELOITTE CONSULTING LLP,<br><br>         Defendant. | Case No.: 1:21-cv-02644-MKV<br><br>Hon. Mary Kay Vyskocil<br><br>**EXHIBIT TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

   I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Executed this \_\_\_\_ day of _____, 20\_\_\_

             Sign Name:_____

             Type or Print Name:_____

FIRM:58409929