```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANI ONG,

                Plaintiff,

-against-

DELOITTE CONSULTING, LLP,

                Defendant.

No. 21-cv-2644 (MKV)

OPINION & ORDER DENYING
MOTION TO FILE
SECOND AMENDED COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Yani Ong filed this action in March 2021 against her former employer Defendant Deloitte Consulting LLP ("Deloitte") asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law [ECF No. 1 ("Original Complaint" or "Cmpl.")].  Specifically, in the Original Complaint, Ong alleged that Deloitte discriminated and retaliated against her when she became pregnant and, soon thereafter, became ill with cancer.  *See, e.g.*, Cmpl. ¶¶ 39, 67, 69, 88. In June 2021, Ong filed an amended complaint containing the same substantive allegations [ECF No. 16 ("First Amended Complaint" or "FAC")].  More than eighteen months after she filed the First Amended Complaint, Ong sought leave to file a Second Amended Complaint to add a new claim for unequal pay in violation of Article 6 of the New York State Equal Pay Act ("NYSEPA") [ECF Nos. 33, 36, 39 ("Pl. Letter" and "Proposed SAC")].

      In support of her new claim, Ong proposes to allege that, "[u]pon information and belief," Ong "was paid less than male employees with similar background and experience."  Proposed SAC ¶ 20; *see also id*. ¶¶ 163–169.  She names two male employees but offers no allegations about

their backgrounds, work, or pay.  *See* Proposed SAC ¶ 20.  She also includes conclusory allegations parroting elements of the claim.  *See* Proposed SAC ¶¶ 163–169.

Deloitte opposes Ong's motion to file the Proposed Second Amended Complaint [ECF No. 43 ("Opp."), 5].  Deloitte argues the motion should be denied because the proposed amendments would be futile, and Ong has no justification for her inordinate delay in seeking to amend, among other reasons.  The Court agrees.  For the reasons set forth below, Ong's motion to further amend her pleading is DENIED.

## I. BACKGROUND

### A. Facts[1]

Plaintiff Yani Ong was hired by Defendant Deloitte Consulting LLP in 2015 as a strategy manager who advised corporate clients.  FAC ¶ 10, 11.  In her pleading, Ong stresses that, at Deloitte, "external projects" are valued more highly than internal projects because Deloitte "is paid by an outside company for the employees' work on external projects, which result[s] in higher profits" for Deloitte.  FAC ¶ 12.  Thus, the more time employees spend on external projects, the higher their salaries, bonuses, and chances for promotion.  FAC ¶ 16.

In June 2017, Ong was chosen to join an external project called the "Chemical Company Project."  FAC ¶ 23.  Ong then told the project coordinator that she was pregnant and that, because of her pregnancy, she could travel to the job site until late September 2017 and could then work remotely until early November 2017, when her baby was due.  FAC ¶ 28, 29.  Ong alleges that she was originally told that this arrangement was acceptable.  FAC ¶ 30.  Ong alleges that, thereafter, she was informed that she was being removed from the project.  FAC ¶ 39.  According to Ong, a

---

[1] The facts are taken from the First Amended Complaint, which is the operative pleading, and are accepted as true for the purpose of this motion.  *See, e.g.*, *DeWan v. Seideman*, 2017 WL 6048816, at *1 n.1 (S.D.N.Y. Dec. 5, 2017); *Abduljaami v. LegalMatch.com, Inc.*, No. 05-cv-9464 (GEL), 2006 WL 1096378, at *1 & n.3 (S.D.N.Y. Apr. 24, 2006).

supervisor said that the project was too "demanding" because there would be "'too much travel' for her because she was pregnant." FAC ¶ 40; *see also* FAC ¶ 39. Ong then worked on an internal project until October 2017. FAC ¶ 49.

In November 2017, just before giving birth, Ong was diagnosed with breast cancer. FAC ¶ 50. She then delivered her baby and went on maternity leave for six weeks. FAC ¶ 51. Ong alleges that she had her annual performance review while on maternity leave and was told that she was ranked below her peers because she "had not shown ability to deal with external clients." FAC ¶¶ 54, 55. She was not promoted. FAC ¶ 57.

After her maternity leave, Ong took additional leave because of her illness. FAC ¶ 59. After that period of leave ended, she requested that Deloitte accommodate her cancer treatments by allowing her either to work part time, or to work remotely for a period of time. FAC ¶ 63. However, Ong alleges that she was told it would be "too difficult" to find her either part time or remote work, even though, according to Ong, Deloitte does sometimes allow employees to work part time and remotely. FAC ¶ 64.

Ong offers detailed allegations about her various attempts to take time off. *See* FAC ¶¶ 65–83. She asserts that the alleged "original pregnancy discrimination . . . snowball[ed]" during her illness. FAC ¶ 67. She alleges that she became anxious and depressed and was approved for short term disability leave on that basis. FAC ¶¶ 84, 86. While on disability leave, Ong reported to Deloitte's workplace discrimination hotline and, thereafter, its human resources department that she had been discriminated against "because of her pregnancy and her disability," meaning her "cancer diagnosis." FAC ¶¶ 87, 88, 90.

Ong returned from disability leave in September 2018. FAC ¶ 89. In December 2018, after an internal investigation, Deloitte "found that there had been no discrimination" or other "wrongdoing." FAC ¶ 94. Deloitte ended Ong's employment in 2019. FAC ¶¶ 99–116.

The Court has only briefly summarized above the detailed allegations that Ong included in the Original Complaint and the First Amended Complaint about her treatment by Deloitte during her pregnancy and illness. There was no suggestion, in either pleading, that Deloitte discriminated against Ong or other female employees by paying them less than similarly situated men.

## B. Procedural History

Ong initiated this action by filing the Original Complaint in March 2021 [ECF No. 1 ("Original Complaint" or "Cmpl.")]. Deloitte quickly moved to dismiss the Original Complaint [ECF No. 9]. Ong, however, filed the First Amended Complaint in June 2021, mooting Deloitte's initial motion to dismiss [ECF Nos. 16, 28].

Deloitte later moved to dismiss the First Amended Complaint, and Ong opposed the motion [ECF Nos. 18, 19, 20, 24, 25, 26, 26]. The Court denied the motion to dismiss [ECF No. 29] and directed the parties to begin discovery [ECF No. 35].

In January 2023, before the parties had conducted any discovery, Ong advised the Court for the first time that she might move to amend her pleading a second time to add a claim under the Equal Pay Act [ECF No. 33 at 3]. At a conference thereafter, Ong made clear that she would seek leave to amend, and Deloitte made clear that it would oppose the motion. The Court issued a Case Management Plan and Scheduling Order, which directed the parties to proceed with discovery and directed Ong to file any motion to amend within 14 days [ECF No. 35].

Ong then requested an extension of time to file the motion to amend [ECF No. 37]. Deloitte objected to the request for an extension [ECF No. 37]. And the Court granted the extension over Deloitte's objection [ECF No. 38].

Plaintiff's counsel filed a two-page letter motion, rather than a formal motion and a brief, requesting leave to amend, along with the Proposed Second Amended Complaint [ECF No. 39 ("Pl. Letter" and "Proposed SAC")]. The Proposed Second Amended Complaint asserts a new claim for a violation of the New York State Equal Pay Act. It contains precisely one new, substantive factual allegation in support of that claim. It alleges: "Upon information and belief, Plaintiff was paid less than male employees with similar background and experience such as Ian Sedler and Alex Thomson." Proposed SAC ¶ 20. It also includes some purely conclusory allegations reciting elements of an equal pay claim. *See* Proposed SAC ¶¶ 163–169. Deloitte opposed Ong's motion to further amend her pleading [ECF No. 43 ("Opp.")], and Ong filed a letter in reply [ECF No. 44 ("Reply")].

## II.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). However, a district court has discretion to deny leave to amend for a "good reason," including futility, undue delay, and prejudice to the opposing party. *McCarthy* v, 482 F.3d at 200; *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 314 F. Supp. 3d 497, 510 (S.D.N.Y. 2018), *aff'd*, 771 F. App'x 498 (2d Cir. 2019).

## III.   ANALYSIS

There are several good reasons to deny Ong's request to file the Proposed Second Amended Complaint. First, Ong's proposed amendments are futile, since the threadbare and conclusory new

allegations are insufficient to state an equal pay claim. Second, Ong fails to offer a justification for waiting nearly two years after filing the Original Complaint and more than eighteen months after filing the First Amended Complaint to seek leave to further amend her pleading. Third, allowing Ong to add a new claim at this stage would prejudice Deloitte and delay the resolution of this case, which is already more than two years old, because the parties have already conducted months and months of discovery, and now Ong seeks to introduce a new theory of liability that would require different discovery.

### A. The Proposed Amendments Would Be Futile.

As noted above, Ong seeks to add a new claim under the New York State Equal Pay Act. She proposed to allege, "*[u]pon information and belief*," that she was "paid less than male employees with similar background and experience such as Ian Sedler and Alex Thomson." Proposed SAC ¶ 20 (emphasis added). She would add that Deloitte was "aware of complaints and requests for investigation by Plaintiff" that it was "unlawfully paying female employees and younger employees less than male employees for equal work" but "did not rectify or investigate" its alleged "unlawful pay practices." Proposed SAC ¶¶ 167, 168.

The Second Circuit has explained that "a request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012). "Futility is a determination, as a matter of law, that proposed amendments would fail . . . to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations "are not entitled

6

to the assumption of truth." *Iqbal*, 556 U.S. at 679. Allegations are conclusory if they are "naked assertions devoid of further factual enhancement" or "a formulaic recitation of the elements of a cause of action." *Id*. at 678 (alteration, internal quotation marks, and citations omitted).

To state a claim under the New York State Equal Pay Act, a plaintiff must allege that: "i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions." *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (quoting *Befli v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999)); *see also Rose v. Goldman, Sachs, & Co., Inc.*, 163 F. Supp. 2d 238, 243 (S.D.N.Y. 2001)).

Ong's proposed amendments are futile. In her Proposed Second Amended Complaint, Ong offers no factual allegations to show that she and the two male employees she names performed "equal work on jobs requiring equal skill, effort, and responsibility." *Lavin-McEleney*, 239 F.3d at 480. She includes no specific factual allegations about these men, beyond their names and her naked assertion that their "background[s] and experience" were "similar" to hers. Proposed SAC ¶ 20. Even if the Court accepts her conclusory assertion about the male employees' backgrounds and experience, that assertion is insufficient for an equal pay claim, which requires allegations about their "work" and "working conditions." *Lavin-McEleney*, 239 F.3d at 480.

In particular, Ong places great weight on her allegations that Deloitte values work on "external projects." FAC ¶ 12. She expressly alleges that the more time employees spend on external projects, the higher their salaries, bonuses, and chances for promotion. FAC ¶ 16. Yet Ong includes no facts to suggest that she, Sedler, and Thomson were similarly situated in terms of their work on external projects, at least before Deloitte allegedly began to discriminate against her. *See Postell v. Fallsburg Library*, 2022 WL 1092857, at *8 (S.D.N.Y. Apr. 8, 2022) (dismissing a

NYSEPA claim because the plaintiff failed to supply any information about the opposite-sex employee's "skills, qualifications, or job title").

Moreover, Ong's assertion that Deloitte failed to pay men and women equal wages for equal work, was aware of complaints, and failed to investigate or rectify their alleged unlawful pay practices are conclusory and formulaic. *See* Proposed SAC ¶¶ 163–169; *Iqbal*, 556 U.S. at 678. Indeed, while Ong vaguely asserts that Deloitte was aware of complaints "by Plaintiff" about unequal pay, the specific factual allegations in her pleading do not support that assertion. Rather, she describes in detail her complaints to Deloitte's workplace discrimination hotline and human resources department in which she specified that she had been discriminated against "because of her pregnancy" and her "cancer diagnosis." FAC ¶¶ 87, 88, 90. She said nothing about a general practice of paying women less than men.

Ong's proposed new allegations are clearly insufficient to state a claim under the New York State Equal Pay Act. As such, the Court concludes that her proposed amendments are futile. *See Panther Partners Inc.*, 681 F.3d at 119. Ong's motion to amend, therefore, "should be denied" on this basis alone. *Absolute Activist Value Master Fund Ltd.*, 677 F.3d at 71.

**B. Plaintiff's Inordinate Delay Favors Denying Leave to Amend.**

A district court may also deny leave to amend where "the motion is made after an inordinate delay," the plaintiff offers "no satisfactory explanation" for the delay, and "amendment would prejudice" the defendant. *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000). To be sure, "that the plaintiff could have moved to amend earlier than she did," standing alone, is "insufficient" reason to deny leave to amend. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). However, where "a significant period of time has passed prior to filing a motion

to amend," *id.*, the plaintiff must "provide a satisfactory explanation for the delay," *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

Here, Ong has already amended her pleading once and waited "a significant period of time" before seeking leave to add a NYSEPA claim. *Agerbrink*, 155 F. Supp. 3d at 452. She filed the Original Complaint in March 2021 [ECF No. 1]. She then filed the First Amended Complaint in June 2021 [ECF No. 16]. But she waited until January 2023 to inform the Court for the first time that she *might* seek leave to amend her pleading further to add a new claim [ECF No. 33]. The Proposed Second Amended Complaint was not filed until February 2023. Thus, Ong waited nearly two years after initiating this case, and more than eighteen months after amending her pleading the first time, to seek leave to amend yet again.

Ong has not offered "a satisfactory explanation for the delay." *Cresswell*, 922 F.2d at 72. As an initial matter, Plaintiff's counsel filed only a two-page letter, rather than a formal motion and a brief, in support of her request to file the Proposed Second Amended Complaint [ECF No. 39]. In the letter, counsel represents that she "learned of Defendant's equal pay issues" for the first time on January 5, 2023. Pl. Letter at 1–2. But counsel fails to explain *why* this was the first time she identified a potential NYSEPA claim. By January 2023, Ong had not been employed by Deloitte for nearly four years. *See* FAC ¶¶ 114–116. Moreover, according to the parties, they had not conducted any discovery as of January 5, 2023, even though the Court had previously directed them to begin discovery [ECF Nos. 32, 33 at 3], so Ong cannot claim she learned of the alleged "equal pay issues" through discovery. Ong has not offered an adequate explanation for why she waited nearly two years into this litigation to make a brand new accusation, apparently without having acquired any new information. *See Cresswell*, 922 F.2d at 72. The Court concludes that

Ong's inordinate and unexplained delay in moving to amend her pleading a second time weighs in favor of denying her motion. *See McCarthy*, 482 F.3d at 202.

### C. Granting Leave to File the Proposed Second Amended Complaint Would Prejudice Deloitte and Delay the Resolution of this Action.

The Court also concludes that granting Ong leave to file the Proposed Second Amended Complaint at this late stage would unfairly prejudice Deloitte and unduly delay the resolution of this case. "Under Rule 15(a), unfair prejudice exists where the opposing party would experience undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the movant." *Pasternack v. Laboratory Corp. of America*, 892 F. Supp. 2d 540, 549 (S.D.N.Y. 2012). "Amendment may also be unfairly prejudicial where it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Id*. at 549–550 (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010)).

Here, Ong proposes to introduce a new theory of liability. *See Pasternack*, 892 F. Supp. 2d at 549. The allegations in the Original Complaint and First Amended Complaint entirely concern alleged discrimination and retaliation involving Ong's pregnancy and breast cancer. She now seeks to allege a state law claim that Deloitte also paid male and female employees unequal wages for the same work. Ong argues in her reply letter that Deloitte would not be prejudiced because "she is simply adding a separate cause of action covering the same wrongful conduct." Reply at 2. But that is simply not true. The alleged wrongdoing is obviously different in kind and could only be sustained by different facts. *See Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016) (whether the new claim arises from the same facts or different facts is "central to the undue prejudice analysis").

10

Relatedly, Ong's Proposed Second Amended Complaint would require Deloitte to expend additional resources because it would expand the scope of the discovery. It has been months and months since the Court directed the parties to commence discovery based on Ong's claims that Deloitte discriminated and retaliated against her because of her pregnancy and breast cancer [ECF Nos. 31, 35]. If Ong were permitted to press her unequal pay claim, Deloitte would have to expend resources to produce new discovery. For example, the new claim would broaden the timeframe of discoverable materials, since Ong was employed for approximately two years before she became pregnant. *See* FAC ¶¶ 10, 28. In addition, to sustain her equal pay claim, Ong would now have to request discovery about other employees. *See* Proposed SAC ¶ 20.

Finally, granting Ong leave to file the Proposed Second Amended Complaint would delay resolution of this case. Deloitte has indicated an intent to file a motion to dismiss the Proposed Second Amended Complaint, which the Court would need time to resolve. New discovery would cause further delay. This case is already more than two years old, and Deloitte has a legitimate interest in resolving it.

## IV.   CONCLUSION

For the reasons set forth above, Ong's motion to further amend her pleading is DENIED. The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 39. The Court will issue a separate order regarding the parties' discovery disputes and the deadline to complete the discovery [ECF Nos. 49, 50].

**SO ORDERED.**

Date:  September 22, 2023
       New York, NY

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**