USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2023

# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

October 6, 2023

**VIA ECF**
Honorable Judge Mary Kay Vyskocil
United States District Court Southern
District of New York
40 Foley Square
New York, New York 10007

        Re:    ***Ong v. Deloitte Consulting LLP***
                  <u>**Case No.: 1:21-cv-02644-AJN: Letter Motion for a Protective Order**</u>

Dear Judge Vyskocil:

      The undersigned represents Plaintiff Yani Ong ("Plaintiff"), in the above-referenced matter. We write to move for a protective order regarding Defendant's in-person deposition notice of Plaintiff, in particular, we move to request Plaintiff's deposition proceed remotely.

### 1. <u>Defendant Represented To This Court That It Would Depose Plaintiff Remotely</u>

      Defendant noticed Plaintiff's in-person deposition on February 4, 2023, and then again on June 2, 2023. Both times, Plaintiff objected to attending in-person, and the Parties met and conferred[1] on the issue prior to submitting the Joint Discovery Conference Request on July 14, 2023 ("the Joint Letter"). Dkt. 49. In the Joint Letter, instead of raising the issue, Defendant stated "Plaintiff has insisted that Plaintiff's deposition be conducted remotely because Plaintiff is residing in the UK. Despite Deloitte's preference to conduct an in-person deposition, Deloitte has informed Plaintiff that it is amenable to a remote deposition." As the issue was resolved, Plaintiff did not raise it with the Court. After this Court's September 22, 2023, Order, dkt. 52, to our surprise Defendant emailed the undersigned stating they would take the deposition in-person in London, United Kingdom. The Parties have since agreed that all Parties

---

[1] Plaintiff submits this letter without Defendants as this request is not pursuant to Fed. R. Civ. P. Rule 26-37, but rather Rule 45, therefore Local Rule 37.2 does not apply. Despite this, the Parties have met and conferred on this issue via multiple emails and on a telephonic call prior to submitting the Joint Letter and, most recently, October 5, 2023, and were unable to come to a resolution.

Honorable Judge Mary Kay Vyskocil
October 6, 2023
Page 2 of 3

are available on October 26, 2023, prior to the November 1, 2023, deadline. Dkt. 52. However, as recently as this morning, and despite its clear words to this Court, Defendant is insisting an in-person deposition in London, United Kingdom, in another country from where this case was commenced. Despite Defendant's representation to the Court and Plaintiff's counsel that Defendant was "amenable to a remote deposition," Plaintiff informed Defendant that she would be available October 17, 2023, to sit for an in-person deposition in New York City. Defendant stated they were unavailable on that date, and, again, directly contradicted their previous representation to this Court, insisted on an in-person deposition in London, with Plaintiff's attorneys appearing remotely.

Defendant should not be permitted to represent that it will conduct a remote deposition of Plaintiff to this Court and, after no change in circumstance, insist on an in-person deposition in direct communications with the undersigned. We therefore request that Defendant's representation to the Court be enforced, as all involved have relied on it, and Plaintiff's deposition proceed on October 26, 2023, by remote means.

## 2. An In-Person Deposition In The UK Would Prejudice Plaintiff

Plaintiff would be greatly prejudiced to be forced to attend an in-person deposition in London as the expense of international travel for a party deposition that is to have taken place remotely is far higher than is reasonable. Defendant's offer that Plaintiff's counsel appear remotely is insincere as forcing Plaintiff to sit alone in a room with multiple attorneys representing Defendant without having her counsel present would be nothing but an attempt by Defendant to intimidate Plaintiff. An underlying component of depositions in adversarial proceedings is that both parties have their counsel present, and suggesting that Plaintiff not have her counsel present in the same capacity that Defendant's counsel would prejudice Plaintiff by creating an unnecessarily intimidating and harassing environment. If all Parties are remote, the metaphorical playing field is leveled.

Based on the above, we respectfully request that Defendant's be compelled to abide by its statements to the Court and hold Plaintiff's deposition by remote means on October 26, 2023, the date on which all Parties are available. We thank the Court for its time and attention to this matter.

Respectfully submitted,

GODDARD LAW PLLC

/s/ Siobhan Klassen
By: Siobhan Klassen, Esq.

cc: All Counsel of Record (via ECF)

**The deposition must proceed in person unless the parties agree otherwise. The parties are directed to agree on a date and location for the deposition, keeping in mind that the deposition must be complete by November 1, 2023. SO ORDERED.**

Date: 10/10/2023
New York, New York

Mary Kay Vyskocil
United States District Judge