

Attorneys at Law

David W. Garland
t 212.351.4708
f 212.878.8600
DGarland@ebglaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025
```

June 12, 2025

**VIA ECF**

Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:   *Yani Ong v. Deloitte Consulting LLP,* Civil Action No.: 21-CV-2644 (MKV) (SN)

Dear Judge Vyskocil:

      This firm represents defendant Deloitte Consulting LLP ("Deloitte") in the above-referenced matter. We submit this letter on behalf of all parties to inform the Court we have reached a settlement in principle and are finalizing the settlement documents. Accordingly, the parties respectfully request that the Court adjourn the Final Pretrial Conference scheduled for June 17, 2023 (ECF No. 136) and the jury trial scheduled to begin on June 23, 2025 (ECF No. 107), and conditionally dismiss the case for 45 days for the reasons explained below.

      Because the Settlement Agreement will include a confidentiality provision in the context of resolving Plaintiff's alleged claims of discrimination, both N.Y. General Obligations Law § 5-336 and N.Y. C.P.L.R. § 5003-b apply, and they provide a 21-day review period for Plaintiff to confirm her preference for confidentiality, along with a 7-day period to revoke. While N.Y. General Obligations Law § 5-336 has been amended to allow for waiver of the 21-day review period, N.Y. C.P.L.R. § 5003-b has not been similarly amended and requires the full 21-day review period with 7 days to revoke:

> . . . Any such term or condition [of confidentiality] must be provided to all parties, and the plaintiff <u>shall have twenty-one days</u> to consider such term or condition. If after twenty-one days such term or condition is the plaintiff's preference, such preference shall be memorialized in an agreement signed by all parties. For a period of at least seven days following the execution of such agreement, the plaintiff may revoke the agreement, and the agreement shall not become effective or be enforceable until such revocation period has expired.

Honorable Mary Kay Vyskocil
June 12, 2025
Page 2

N.Y. C.P.L.R. § 5003-b (emphasis added).  This language means that Plaintiff cannot sign the settlement agreement for 28 days (21 days to consider the confidentiality provision and 7 days to revoke).  The 28-day period has already begun to run and expires on July 9, 2025.

      Given this statutory requirement, we respectfully request that the Court enter an Order conditionally dismissing the case for 45 days, which will allow the parties to fully execute the settlement documents and confirm receipt of payment.  Before the expiration of that period, counsel can inform the Court that both of these events have occurred, and the case can be closed.

      Thank you for Your Honor's courtesies in this matter.

Respectfully submitted,

David W. Garland, Esq.

cc:   All Counsel of Record via ECF

---

IT IS HEREBY ORDERED that the above-captioned action is discontinued without costs to any party and without prejudice to restoring the action to this Court's calendar if the application to restore is made by July 28, 2025.  If no such application is made by that date, today's dismissal of the action is with prejudice.  *See Muze, Inc. v. Digital On Demand, Inc.*, 356 F.3d 492, 494 n.1 (2d Cir. 2004).  All other dates and deadlines, including the upcoming Final Pretrial Conference and jury trial, are adjourned *sine die*.
The Clerk of Court respectfully is requested to terminate all pending motions and close this case.

Date: June 12, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge

FIRM:67869632